IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GAIL WATERBURY,<br><br>   Plaintiff,<br><br> vs.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>   Defendant. | Case No. 3:18-cv-00185-RRB<br><br>**ORDER OF REMAND** |

   Plaintiff, Gail Waterbury, filed applications for Disability Insurance Benefits and Supplemental Security Income. These applications were denied on September 14, 2017. On January 12, 2018, Plaintiff, who was *pro se*, requested a hearing before an administrative law judge ("ALJ"). This request was untimely.[1] A handwritten statement from Plaintiff dated January 10, 2018, indicated that, due to severe depression and pain, she had difficulty keeping up with appointments and deadlines.[2] Another undated letter indicated mental and physical health problems that prevent her from remembering

---

[1] *See* Docket 1. A request for hearing must be filed within 60 days of the date the claimant receives notice of the previous determination. 20 C.F.R. §§ 404.933(b)(1), 416.1433(b)(1). Accordingly, Plaintiff's request for a hearing should have been filed by November 13, 2017. She filed it about 8 weeks late.

[2] Docket 1-1 at 8.

deadlines, "or even what day it is."[3] ALJ LaCara dismissed Plaintiff's request for a hearing as untimely.[4] Plaintiff wrote another letter dated March 30, 2018, wherein she complained about the dismissal, noted that she was unrepresented, and again explained her physical and mental issues. She also expressed confusion over the process, and included additional medical records.[5]

The Appeals Council denied Plaintiff's request for review and the Complaint was timely filed in this Court.[6] Plaintiff seeks an order requiring the ALJ to hold a hearing.[7] Defendant filed a Motion to Dismiss for failure to exhaust administrative remedies.[8] Defendant's Motion to Dismiss was denied, and Defendant was directed to show cause why this matter should not be remanded for further review by the ALJ.[9] Defendant has filed a response, agreeing that this matter should be remanded for further review by the ALJ to evaluate whether "demonstrated good cause under 20 C.F.R. 416.1411(a)(2019), for her untimely filing of the request for a hearing."[10]

**On remand, the ALJ is reminded as follows.** "It has always been SSA policy that failure to meet the time limits for requesting review is not automatic grounds for dismissing the appeal and that proper consideration will be given to a claimant who presents evidence that mental incapacity may have prevented him or her from

---

[3] Docket 1-1 at 9.
[4] Docket 1-1 at 5.
[5] Docket 1-1 at 1–4.
[6] Docket 1.
[7] *Id.*
[8] Docket 15.
[9] Docket 17.
[10] Docket 18.

*Waterbury v. Berryhill*   Case No. 3:18-cv-00185-RRB
Order of Remand   Page 2
Case 3:18-cv-00185-RRB   Document 19   Filed 03/13/19   Page 2 of 4

understanding the review process."[11] **The ALJ must resolve any reasonable doubt in favor of the claimant,** and the "decision as to what constitutes mental incapacity must be based on all the pertinent facts in a particular case."[12]

> The relevant Regulation states, in part:
>
> In determining whether you have shown that you have good cause for missing a deadline to request review we consider—
>
> (1) What circumstances kept you from making the request on time;
>
> (2) Whether our action misled you;
>
> (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
>
> (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.[13]

The facts of this case are virtually identical to the facts of *Dexter v. Colvin*.[14] Where an individual provides potentially valid reasons that may constitute good cause in explaining her delay, in accordance with the Regulations, the ALJ is required to provide *some explanation* why these reasons are being rejected.[15] "If a claimant provides a facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations, then

---

[11] Social Security Ruling 91-5p.
[12] *Id.* (emphasis added).
[13] 20 C.F.R. § 416.1411(a)(2019).
[14] 731 F.3d 977 (9th Cir. 2013).
[15] *See Dexter*, 731 F.3d at 981.

*Waterbury v. Berryhill* Case No. 3:18-cv-00185-RRB
Order of Remand Page 3
Case 3:18-cv-00185-RRB   Document 19   Filed 03/13/19   Page 3 of 4

due process requires that the ALJ address it."[16] Moreover, relying on SSR 91–5p, the Ninth Circuit has held: "If it is determined, applying the proper criteria, that the claimant lacked the mental capacity to understand the procedures for requesting review, time limits are tolled 'regardless of how much time has passed since the prior administrative action.'"[17] In this case, the ALJ did not provide any explanation for her conclusion that Plaintiff had not shown good cause for her untimely request for a hearing.

For the reasons set forth above, this matter is remanded for further review by the ALJ to evaluate whether Plaintiff demonstrated good cause for her untimely filing of the request for a hearing. "[A] finding of good cause [to extend the time for review] will result either in a determination or decision that is subject to further administrative or judicial review of the claim, or a dismissal (for reasons other than late filing) of the request for review, as appropriate."[18]

IT IS SO ORDERED this 13th day of March, 2019, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[16] *Dexter*, 731 F.3d at 981–82.
[17] *Udd v. Massanari*, 245 F.3d 1096, 1099–100 (9th Cir. 2001), *as amended on denial of reh'g* (May 3, 2001) (granting the reopening of a prior determination 18 years after dismissal).
[18] *Id.*

*Waterbury v. Berryhill*  Case No. 3:18-cv-00185-RRB
Order of Remand  Page 4
Case 3:18-cv-00185-RRB   Document 19   Filed 03/13/19   Page 4 of 4